UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DANIEL A.,[1]

      Plaintiff,

  v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

24-CV-354 (JLS)

**DECISION AND ORDER**

Plaintiff Daniel A. brought this action under 42 U.S.C. § 1383(c)(3) of the

Social Security Act, seeking review of the decision of the Commissioner of the Social

Security Administration that he was not disabled.  Dkt. 1.  Plaintiff moved for

judgment on the pleadings.  Dkt. 9.  The Commissioner responded and cross-moved

for judgment on the pleadings, to which Plaintiff replied.  Dkts. 15, 16.  For the

reasons that follow, the Court denies Plaintiff's motion and grants the

Commissioner's cross motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing
Order regarding the naming of plaintiffs in Social Security decisions, this decision
and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Supplemental Security Income ("SSI") filed on August 9, 2021.[2] Tr. 232–41.[3] Plaintiff's application was initially denied, and he requested a hearing before an administrative law judge ("ALJ"). Tr. 127–38, 154–55. Following the hearing, at which Plaintiff was represented by counsel, ALJ Anna Wright issued a decision finding that Plaintiff was not disabled. Tr. 17–25. Plaintiff's request for Appeals Council review was denied, after which Plaintiff commenced this action. Tr. 1–3; Dkt. 1.

## LEGAL STANDARDS

### I.    DISTRICT COURT REVIEW

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation modified).

---

[2] Plaintiff applied for SSI, which "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v.* Astrue, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (citation modified).

[3] The filing at Dkt. 5 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 5 are hereby denoted "Tr. __."

The Court does not determine *de novo* whether the claimant is disabled, but the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable basis of doubt about whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his or her disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II.    DISABILITY DETERMINATION

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986); 20 C.F.R. § 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. 20 C.F.R. § 416.972. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 416.920(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits

the claimant's ability to perform basic work activities. 20 C.F.R. § 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(d). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. § 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 416.920(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 416.960(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. 20 C.F.R. § 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his RFC, age, education, and work experience. 20 C.F.R. § 416.960(c). Here, the burden of proof

shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given his RFC, age, education, and work experience. 20 C.F.R. §§ 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I.    THE ALJ'S DECISION

To begin, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 9, 2021, the date his application was filed. Tr. 19. The ALJ also found that Plaintiff suffered from the following severe impairments: "generalized anxiety disorder and bipolar disorder." *Id.* The ALJ concluded, however, that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 20.

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform a full range of work at all exertional levels with the following limitations:

> [Plaintiff] can (1) engage in simple, routine[,] repetitive tasks but not at production pace; (2) make simple work[-]related decisions; (3) frequently interact with supervisors and co-workers; and (4) occasionally interact with the public.

*Id.* at 21.

The ALJ then found that Plaintiff had no past relevant work. Tr. 23. But the ALJ concluded that Plaintiff was not disabled because his age, education, work experience, and RFC allowed him to perform jobs existing in significant numbers in

5

the national economy. *Id.* at 24. As such, according to the ALJ, Plaintiff had not been under a disability since his application was filed. *Id.*

## II.    PLAINTIFF'S ARGUMENT

Plaintiff argues that the ALJ "failed to account for Plaintiff's non-severe physical impairments" in the RFC finding. Dkt. 9-1 at 8–11. More specifically, Plaintiff argues that, although the ALJ found Plaintiff to have a vascular disorder, the ALJ "failed to include any physical limitation in the RFC finding." *Id.* at 8. For the reasons that follow, this Court disagrees.

## III.    ANALYSIS

An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). That does not mean that an RFC must "perfectly correspond with any of the opinions of medical sources cited in [an ALJ's] decision," *Matta*, 508 F. App'x at 56, or even be based on opinion evidence, *see Rubin v. Martin O'Malley, Comm'r of Soc. Sec.*, 116 F.4th 145, 155 (2d Cir. 2024). So long as an ALJ considers all the medical opinions and appropriately analyzes any medical opinions, an RFC consistent with the record is not error. *See* 20 C.F.R. § 416.945; *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (holding that remand is not necessary "[w]here an ALJ's analysis at Step Four regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence").

At step two, the ALJ found Plaintiff's vascular disorder to be non-severe. *See* Tr. 19. The ALJ noted that there was no evidence that Plaintiff's vascular disorder caused any functional limitations. *Id.* And the ALJ explained that "[t]reatment records show th[is] condition[] ha[s] been managed with the use of medications and compression stockings." *Id.*

The step-two determination that an impairment is non-severe, however, does not relieve an ALJ of the duty to consider that impairment at step four. *See Felix S. v. Comm'r of Soc. Sec.*, 630 F. Supp. 3d 423, 428 (W.D.N.Y. 2022). At step four, an ALJ must consider all impairments—severe and non-severe—to determine a claimant's RFC. *See Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012); 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe' . . . when we assess your [RFC]."). The ALJ here did just that.

In particular, the ALJ noted that Plaintiff alleged disability based on, among other things, "poor circulation in [his] legs." Tr. 21. The ALJ found, however, that Plaintiff's "statements concerning the intensity, persistence[,] and limiting effects of [his] symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." *Id.*

In making that finding, the ALJ considered the opinions of Hongbiao Liu, M.D. and D. Miller, D.O. *See* Tr. 23. Plaintiff reported to Dr. Liu that he had a "history of bilateral leg venous insufficiency," but that his condition was currently

7

stable and he had no present complaints. *Id.* at 392. And Dr. Liu opined that Plaintiff's impairments caused only "mild limitation[s] for prolonged walking, bending, kneeling, squatting, stair[-]climbing, carrying heavy weights, [and] prolonged sitting[] and standing." *Id.* at 394. Dr. Miller, like Dr. Liu, considered Plaintiff's venous insufficiency and concluded that Plaintiff's impairments were non-severe. *Id.* at 89.

Certainly, by considering Dr. Liu and Dr. Miller's opinions, the ALJ at least implicitly considered Plaintiff's vascular disorder. *See Larson v. Comm'r of Soc. Sec.*, 2020 WL 5018331, at *6 (W.D.N.Y. Aug. 25, 2020) (explaining that an ALJ implicitly considered symptoms associated with a plaintiff's diagnosed impairments by considering the related medical evidence and associated medical opinions); *see also Ana H. v. Comm'r of Soc. Sec.*, 2020 WL 6875252, at *10 (W.D.N.Y. Nov. 23, 2020) (holding that an ALJ "implicitly considered the limiting effects" of a plaintiff's subjective complaints by relying on medical opinions that considered those complaints). So, contrary to Plaintiff's argument, *see* Dkt. 9-1 at 8–11, the ALJ considered Plaintiff's non-severe impairments throughout her decision.

Plaintiff also argues that "the existence of an impairment, even a mild one, implies the existence of accompanying limitations." *Id.* at 9 (quoting *Brink v. Colvin*, 2017 WL 2531711, at *3 (W.D.N.Y. June 12, 2017). But when an ALJ finds that a claimant's impairments are non-severe or will have only a mild impact on a claimant's ability to function, the RFC need not include limitations addressing them. *See, e.g., Grace M. v. Comm'r of Soc. Sec.*, 2022 WL 912946, at *3 (W.D.N.Y.

8

Mar. 29, 2022) ("Even though mild limitations may cause functional restrictions, such limitations do not compel the inclusion of . . . limitations in the RFC."); *Suzanne H. v. Comm'r of Soc. Sec.*, 2021 WL 5309718, at *6 (W.D.N.Y. Nov. 15, 2021) ("While remand is necessary where an ALJ's RFC determination fails to account for greater-than-minimal limitations stemming from a plaintiff's non-severe impairments, here there was no evidence suggesting that any such limitations existed."); *Cheryl S. v. Saul*, 2021 WL 1893474, at *2 (W.D.N.Y. May 11, 2021) ("Because the record did not indicate that plaintiff's [non-severe impairments] caused any particular exertional limitations, the ALJ's failure to include such limitations in his RFC finding was not improper."). Indeed, that the ALJ did not include limitations related to Plaintiff's vascular disorder in the RFC "is a function of the scarcity of evidence supporting such limitations, not a failure of the ALJ to consider them." *Christopher L. v. Comm'r of Soc. Sec.*, 2022 WL 682649, at *5 (W.D.N.Y. Mar. 8, 2022).

In sum, while the ALJ could have discussed Plaintiff's vascular disorder in greater detail, "it is clear that the ALJ *considered* . . . [its] effect on his ability to work during the balance of the sequential evaluation process." *Diakogiannis v. Astrue*, 975 F. Supp. 2d 299, 311–12 (W.D.N.Y. 2013) (citation modified). Because the ALJ was "entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole," *Matta v. Astrue*, 508 F. App'x 54, 56 (2d Cir. 2013), and because the ALJ did that, the ALJ's decision was supported by

9

substantial evidence, and this Court will not second-guess it, *see Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010).

<strong><u>CONCLUSION</u></strong>

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 15) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 9).  The Clerk of Court shall close the case.

SO ORDERED.

Dated:      April 1, 2026
            Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE
